IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DAMIEN BLACK,<br><br>                Plaintiff,<br><br>vs.<br><br>TBC CORPORATION; NTW, LLC; CARROLL'S, LLC D/B/A NATIONAL TIRE WHOLESALE OR NTW; RYDER TRUCK RENTAL LT; AND LUCAS PIERCE TUMBLESTON,<br><br>                Defendants. | C/A No.: _____<br><br><br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

COMES NOW, Damien Black, Plaintiff herein, and files his Complaint against Defendants, TBC Corporation ("TBC"); NTW, LLC ("NTW"); Carroll's, LLC, d/b/a National Tire Wholesale or NTW ("Carroll's"); Ryder Truck Rental LT ("Ryder"); and Lucas Pierce Tumbleston ("At-Fault Driver") showing the Court as follows:

**JURISDICTION AND VENUE**

    1.    Plaintiff is a citizen and resident of Beaufort, South Carolina.

    2.    Defendant TBC is a corporation formed under the laws of Delaware with principal offices in Palm Beach, Florida, and operates throughout the United States, including within this Judicial District. Defendant TBC maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, Corporation Service Company, 100 Coastal Drive, Suite 210, Charleston, South Carolina, 29492.

1

3.  This Court has personal jurisdiction over Defendant TBC under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant TBC has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

4.  Defendant TBC is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. The warehousing of goods and products within the State of South Carolina;

   c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services; and

   d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its delivery van operations.

5.  Defendant TBC has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

6.  Defendant NTW is a limited liability company formed under the laws of Delaware with principal offices in Palm Beach, Florida, and operates throughout the United States, including within this Judicial District. Defendant NTW maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service

2

of process in the State of South Carolina, Corporation Service Company, 100 Coastal Drive, Suite 210, Charleston, South Carolina, 29492.

7.      This Court has personal jurisdiction over Defendant NTW under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant NTW has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

8.      Defendant NTW is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. The warehousing of goods and products within the State of South Carolina;

   c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services; and

   d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its delivery van operations.

9.      Defendant NTW has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

10.     Defendant Carroll's, LLC is a limited liability company formed under the laws of Georgia with principal offices in Forest Park, Georgia, and operates throughout the United States,

including within this Judicial District. Defendant Carroll's maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, Corporation Service Company, 100 Coastal Drive, Suite 210, Charleston, South Carolina, 29492.

11. This Court has personal jurisdiction over Defendant Carroll's under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant Carroll's has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

12. Defendant Carroll's is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

    b. The warehousing of goods and products within the State of South Carolina;

    c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services; and

    d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its delivery van operations.

13. Defendant Carroll's has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

14. Defendant Ryder is a corporation formed under the laws of Florida with principal offices in Miami, Florida, and operates throughout the United States, including within this Judicial District. Defendant Ryder maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, Corporate Creations Network, Inc., 6650 Rivers Avenue, North Charleston, South Carolina, 29406.

15. This Court has personal jurisdiction over Defendant Ryder under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant Ryder has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina, including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

16. Defendant Ryder is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including providing large box type vehicles for the purpose of delivery, and transporting of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services; and

   c. Conducting and engaging in substantial business and other activities, including interstate and intrastate commerce, in South Carolina providing large box type vehicles for the purpose of delivery, and transporting of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina

17. Defendant Ryder has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

18. Upon information and belief Defendant Usher is a resident of Newport News, Virginia and may be served with process at 26 Cedarwood Way, Apartment M. Newport News, Virginia, 23608-4512.

19. This Court has personal jurisdiction over Defendant Tumbleston under the South Carolina Long-Arm Statute, S.C. Code Ann. §36-2-803, because Defendant Tumbleston has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) cause tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which his tortious acts and/or omissions caused injury to Plaintiff.

20. This District Court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. §1332 based upon complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.00.

21. Venue is proper in South Carolina and in this Division because a substantial part of the events and omissions giving rise to this claim occurred in South Carolina and in this Division.

**FACTUAL ALLEGATIONS**

22. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 20 as if fully alleged herein.

23. On December 9, 2024, at approximately 9:30 a.m., Plaintiff was a front seat passenger in a 1999 Chevrolet Pickup pulling Utility Trailer in a southerly direction on U.S. Highway 21 in Beaufort, South Carolina.

24. At the same time, Defendant Tumbleston, was operating a 2022 Chevrolet Tractor/Box Truck owned by Ryder, actively engaged, in furtherance of his employment as a Carroll's and/or NTW delivery driver, in the same lane Plaintiff was traveling on U.S. Highway 21 in Beaufort, South Carolina. When suddenly and without warning Defendant Tumbleston lost control of said Tractor/Box Trailer and violently rear-ended the utility trailer, slamming it into truck in which Plaintiff was a passenger, and shoving it off the road into the trees.

25. The impact of the collision caused the Plaintiff to violently slam about the truck and not only caused substantial damage to the truck and utility trailer, but also his body and other personal property.

26. Upon information and belief, at all times relevant hereto, Defendant Usher was an employee/agent of Carroll's and/or NTW and was operating the Ryder vehicle rented by Carroll's in the course and scope of his employment/agency.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

27. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 26 as if fully alleged herein.

28. Defendant Tumbleston owed a duty to Plaintiff to operate the Tractor/Box Trailer in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

29.     Defendant Tumbleston breached his duty to use due care in operating the Tractor/Box Trailer was thereby negligent, negligent *per se*, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

a. Driving while inattentive and/or distracted;

b. Failing to use proper signaling;

c. Failing to yield the right of way;

d. Failing to keep a proper lookout;

e. Violating S.C. Code Ann. §56-5-1520(A) by driving a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing;

f. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

g. Acting with conscious disregard for the safety of others, including Plaintiff;

h. Acting in violation of applicable state and federal statutes and regulations; and

i. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

30.     Defendant Tumbleston's acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages claimed herein.

31.     As a direct and proximate result of Defendant Tumbleston's acts and omissions, Plaintiff suffered severe and life altering injuries which have been and will continue to be accompanied by physical and mental pain and suffering.

32.     Defendants are vicariously liable for all acts and omissions of Defendant Tumbleston pursuant to the doctrines of agency and *respondeat superior*.

33. Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

34. Plaintiff is also entitled to an award of punitive damages against all Defendants.

35. Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Defendant Carroll's)

36. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 35 as if fully alleged herein.

37. Defendant Carroll's was negligent, negligent per se, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Defendant Tumbleston and entrusting him to drive their motor vehicle, in that Defendant Carroll's knew or should have known that Defendant Tumbleston was too inexperienced, incompetent, unfit, and/or reckless to operate a Tractor/Box Trailer, which thereby created an appreciable risk of harm to the public, including Plaintiff.

38. Defendant Carroll's was negligent, negligent per se, grossly negligent, reckless, willful, and/or wanton in failing to properly train and/or supervise Defendant Tumbleston, in that Defendant Carroll's permitted Defendant Tumbleston, who was at all times herein referenced within their employ and control, to operate a Tractor/Box Trailer with knowledge that Defendants Tumbleston posed a danger to the public, including Plaintiff, in operating the vehicle.

39. The negligence or recklessness of Defendant Carroll's, which was the proximate cause of the subject rear-end collision and Plaintiff's resulting injuries and damages, further include the following actions and/or inactions:

a. Hiring, retaining, and permitting Defendant Tumbleston to operate the subject Tractor-Trailer without properly and adequately qualifying him consistent with industry customs;

b. Hiring, retaining, and permitting Defendant Tumbleston to operate the subject Tractor/Box Trailer without first conducting a proper and adequate background check to ascertain whether he was competent and fit to operate a package delivery van properly and safely;

c. Failing to take proper and adequate measures to prevent Defendant Tumbleston from endangering the motoring public, specifically including Plaintiff driving too fast for condition; failing to yield the right-of-way to any vehicle approaching or so close thereto so as to constitute an immediate hazard; failing to pay proper attention to his surroundings while driving; driving while distracted, rushing, in a hurry, and/or fatigued;

d. Failing to provide proper, adequate, ongoing, and/or remedial training to Defendant Tumbleston consistent with industry customs, including safe and defensive driving training in general and specific to paying attention to surroundings, the performance of left turns, and avoiding in-vehicle distractions;

e. Failing to properly and adequately train, monitor, and/or supervise Defendant Tumbleston to ensure he would adhere to proper safe and defensive driving practices custom to the industry and/or required by South Carolina law and/or applicable state and federal standards;

f. Failing to properly and adequately train, monitor, and/or supervise Defendant Tumbleston to ensure he could manage collision-free left turn encounters with the motoring public, specifically including the Plaintiff;

g. Unreasonably setting and assisting Defendant Tumbleston to a delivery route that was too tight or otherwise aggressive to perform without hurrying or rushing to completing said route; and

h. Other particulars as evidence may show at trial.

40. Defendants were further negligent or reckless in the following ways:

a. Generally prioritizing pickup/delivery speed over driver safety and pressuring and/or incentivizing its drivers, including Defendant Tumbleston;

b. Unreasonably setting and assisting Defendant Tumbleston a delivery route that did not eliminate or minimize favor of safer available paths to the same destination(s),

10

    despite having actual or constructive knowledge, commonly shared in the industry, of the risks and dangers posed by improper lane changes;

c. Mandating a delivery schedule that was unrealistic such that it forced drivers, including Defendant Tumbleston, to rush to the point it was unsafe and, as a practical matter, made it impossible to drive safely;

d. Promoting in-vehicle distractions by mandating its drivers use the Chime, Mentor, and/or Flex Apps that monitor the drivers and packages;

e. Negligently managing the safety data Defendants pulled from the Chime, Mentor, and/or Flex Apps that monitor the drivers and packages;

f. Exerting control over the method and manner of the package deliveries and, in the process, negligently mandating compliance targets that focused on speed and delivery efficiency without giving due consideration to public safety;

g. Relying on unrealistic algorithms that pushed drivers, or delivery associates, to complete unrealistic amounts of deliveries each day despite having actual constructive knowledge of the dangers of these algorithms;

h. Choosing profits over safety, of the public and drivers, by continually pushing drivers to complete an unsafe amount of deliveries per day;

i. Primarily focusing its energy, times, and resources on mandating fast and profitable package delivery while intentionally seeking to offload all legal responsibility for dangerous situations created by those attempting to meet Defendants unrealistic delivery mandates onto shell companies that Defendants designed, created, and governed to be a proper target for cases like this one; and

j. Failing to consider well-known industry standards for route affinity and other well-known recognized logistics industry safety concepts when designing the daily delivery routes of the Defendants' drivers, again choosing profits over basic safety of its own drivers and the motoring public.

41. Defendant Carroll's acts and/or omissions in hiring, training, retaining, and supervision Defendant Tumbleston, and in entrusting him with their Tractor/Box-Trailer, were the direct and proximate cause of the subject collision, as well as Plaintiff's resulting injuries and damages.

11

42. As a direct and proximate result of the acts and omissions of Defendant Carroll's, Plaintiff has suffered and will continue to suffer the damages described herein.

43. Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant Carroll's.

44. Plaintiff is also entitled to an award of punitive damages against Defendant Carroll's.

## INJURIES AND DAMAGES

45. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 44 as if fully alleged herein.

46. As a direct and proximate result of the negligence and negligence *per se* of the Defendants, laid out above, Plaintiff suffered mental and physical injuries requiring extensive medical treatment, as well as other economic and noneconomic damages which has and will continue to cause her to incur substantial medical expenses, loss of wages and earning capacity.

47. Based on the foregoing, Plaintiff has incurred medical expenses and will continue to incur medical expenses for his injuries in the future.

48. As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff is entitled to recover all special damages in a full amount to be proved at trial, which currently includes, but is not limited to current and future medical bills.

49. As a direct and proximate result of the negligence and negligence per se of Defendants, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants for actual and punitive damages, the cost of this action, and such other and further relief as the Court may allow.

|  |  |
|---|---|
|  | */s/Christopher F. Gibbs* |
|  | Christopher F. Gibbs |
|  | SC Federal Court Bar ID: 12128 |
|  | THE GIBBS LAW FIRM, LLC |
|  | 1304 Boundary Street |
|  | Beaufort, SC 29902 |
|  | Tel. (843) 379-2330 |
|  | Fax. (843) 379-2332 |
|  | cgibbs@cgibbslawfirm.com |
| This 31st day of December, 2025 | *Attorney for Plaintiff* |

13